7563

STATE v. AVANT AND BIGHAM.

1. APPEAL—RES JUDICATA.—In a criminal case notice of intention to appeal must be given in writing and is a prerequisite to granting bail after sentence. Where an order granting bail recites that notice of intention to appeal has been given, affidavits to the effect that no notice in writing was served will not be considered.

2. EVIDENCE.—WHETHER TESTS OF HEARING AND SIGHT made some months after a homicide are made under similar circumstances and conditions is within the discretion of the trial Judge.

3. EVIDENCE—CROSS-EXAMINATION.—That a newspaper published certain statements, purporting to come from the family of the deceased, to the effect that they did not desire the defendant prosecuted, should not be elicited under the guise of cross-examination to test the capacity of recollection of the witness.

4. IBID.—IBID.—DISCRETION—DECLARATIONS.—The extent of cross-examination is within the discretion of the trial Judge, and that discretion is not abused in declining to permit defendant to test the credibility

of a witness for the prosecution on cross-examination by eliciting from him declarations of defendant at the inquest which are self-serving.

Before Watts, J., Georgetown, October term, 1909. Affirmed.

Indictment against W. B. Avant and G. C. Bigham for murder of Ruth Crisp Bigham. Defendants appeal from sentence for manslaughter.

*Messrs. J. W. Ragsdale* and *Walter Hazard,* for appellant. *Mr. Ragsdale* cites: *As to notice of appeal:* 14 S. C., 572; 56 S. C., 54; 19 S. C., 602. *Recital in order is sufficient:* 3 L. R. A., 754; 35 S. W., 337; 40 Tex., 502; 30 Pac., 732; Cr. Code, 73; 16 Cyc., 684; 18 How., 530; 166 Ill., 366; 51 Ind., 201. *Evidence relating to tests of hearing and sight:* 39 Mich., 245; 77 Ala., 33; 50 Am. R., 470; 132 Ind., 168; 110 Mass., 110; 120 Mass., 185; 64 Mich., 279. *Testing credibility of witness:* 1 Green. Ev., sec. 446; 34 S. C., 35; 2 Wig. Ev., 995; 19 N. H., 355; 34 S. C., 35; 32 S. C., 392; 34 S. C., 16; 32 S. C., 402.

*Mr. Walter Hazard* cites: *Question of service of notice of appeal is now res judicata:* 84 S. C., 510; 18 S. C., 602; 14 S. C., 330; 15 S. C., 538; 1 Ency. P. & P., 988; Cr. Code, 75, 335, 339, 345; 20 S. C., 581; 19 S. C., 602; 56 S. C., 54; 30 S. C., 607. *Right to written notice has been waived:* 29 Ency., 1091, 1095-6, 1107; Bish. Con., 792; 117 Mich., 142; 82 Fed., 407; 6 S. C., 29; 9 Wall., 274; 1 Ency. P. & P., 966. *Judicial notice:* 41 N. J. L., 29; 46 Hun., 52; 61 Cal., 404. *Testimony as to tests:* 15 L. R. A., 221; 23 L. R. A., 361; 9 Ind. App., 510; 132 Ind., 168; 41 L. R. A., 157; 140 Mo., 89; 43 L. R. A., 117; 4 L. R. A., 296. *Restriction of cross-examination:* 3 Rice on Ev., sec. 232; 8 Ency. L. & P., 112; 1 Green. Ev., secs. 445, 451; 1 Thomp. on Trials, sec. 307; 1 Whar. Cr. Ev., sec. 465; 3 Rice Ev., secs. 228, 220, 232;

Abbott's Cr. Trial Br., 339; 33 S. C., 39; 41 S. C., 153; 34 S. C., 16; 1 Green. Ev., secs. 446, 449; 44 S. C., 325; 32 S. C., 392.

*Solicitor Walter H. Wells,* contra.    Oral argument.

April 29, 1910.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    This is an appeal from a sentence imposed upon the defendants for manslaughter; but before considering the merits of the case it will be necessary to determine a preliminary question.

The solicitor made a motion to dismiss the appeal, on the ground that the Supreme Court is without jurisdiction, as no written notice of intention to appeal was served within ten days from the rising of the Court.

The following statement is set out in the record: "The defendants, W. B. Avant and G. C. Bigham, were tried at the October, 1909, term of Court of General Sessions for Georgetown county, before Judge R. C. Watts and a jury, upon an indictment found charging them with the murder of Ruth Crisp Bigham.    The defendants were convicted on the indictment for manslaughter, and were sentenced by the Court to be confined in the State penitentiary at hard labor for the period of three years and six months.

"Motion for a new trial was refused by the Court, whereupon, in open court, the defendants gave notice of their intention to appeal to the Supreme Court from the rulings of the Court, and asked that the prisoners be admitted to bail.    The solicitor consenting, Judge Watts admitted the defendants to bail upon the following order (omitting caption) :

" 'A verdict of guilty of manslaughter having been rendered in the above stated case, and notice of intention to appeal having been given, it appears to the Court that the

defendants are entitled to bail, and now, on motion of defendants' counsel, it is ordered that the defendants, G. C. Bigham and W. B. Avant, be admitted to bail, in the sum of fifteen hundred dollars each, with not less than two and not more than four sureties each.' ''

Section 75 of the Criminal Code provides, that the practice and proceedings from the Courts of General Sessions shall conform to the practice and proceedings in cases of appeals, from the Courts of Common Pleas. Turning to section 339 of the Code of Procedure, we find that an appeal must be taken by the service of a notice in writing, on the adverse party or his attorney. Section 345 of the Code of Procedure requires that, in cases heard during term time, the notice of intention to appeal must be served within ten days from the rising of the Court. And section 73 of the Criminal Code provides, that service of notice of appeal, in accordance with law, shall operate as a stay of the execution of the sentence, until the appeal is finally disposed of. That pending such appeal, the defendant shall still remain in confinement, unless he give bail, in such sum and with such sureties, as to the Court shall seem proper.

It will thus be seen, that the service of a notice in writing on the Solicitor, of an intention to appeal, was a prerequisite to the granting of bail.

The order of his Honor, Judge Watts, shows that there was compliance with this requirement; and the question is, whether this Court should consider affidavits offered by the Solicitor for the purpose of attacking the verity of the recital, in said order.

The rule is thus stated in 1 Black on Judgments, 74: "When the jurisdiction of a Court depends upon a fact, which it is required to ascertain in its decision, such decision is binding, until reversed in a direct proceeding. Where a ·statute confers general jurisdiction over a class of cases, upon a particular tribunal, its decision upon the facts essential to the existence of jurisdiction, in a particular case

37—85

belonging to the class, will be conclusive against collateral attack. So, when a notice which is defective, or the service of which is informal, has been adjudged sufficient, the judgment here rendered thereunder will not be held void, in a collateral proceeding. And, in case of an insufficient service of notice, if the Court decides the question of jurisdiction erroneously, the judgment will be voidable, but binding until reversed on appeal."

The motion to dismiss the appeal is therefore refused.

The next question that will be considered is, whether the presiding Judge erred in allowing a certain witness to testify, over the objection of the defendants, in regard to certain tests of hearing and sight, made by the witness, 2. several months after the homicide, on the ground that the testimony was irrelevant and incompetent, as the tests were made at different times, and under different conditions from those existing at the time of the homicide.

"Where the competency of evidence of experiments depends upon similarity of circumstances and conditions, the question is one for the Court to determine. As has been well said in this connection, in many instances a slight change in the condition under which the experiment is made, will so distort the result as to wholly destroy its value as evidence, and make it harmful rather than helpful. In other cases, a principle may be established by experiments, made under circumstances quite different from the one under investigation, that will have an important and beneficial bearing upon the investigation." 12 Enc. of Law, 409. Again, the rule is thus stated: "Whether or not evidence of experiments is admissible is under the circumstances of each case a preliminary question for the determination of the Court. True, it has been intimated in at least one instance, that where the competence of evidence of experiments depends upon questions of fact, as whether or not the conditions attending the experiments were, in point of fact, similar to those surrounding the original occurrence, the evidence

should be allowed to go to the jury, under appropriate instructions by the Court. But this view is in conflict with the weight of authority, and is, it would seem, erroneous in principle." 12 Enc. of Law, 400.

In other words, the question whether such testimony is admissible in a particular case, is addressed mainly to the discretion of the presiding Judge; and, in the case under consideration it has not been made to appear that his discretion was abused.

We proceed to consider the following assignment of error: "The Court below erred in refusing to allow the defendants to question witness, J. D. Murchison, upon cross-examination, for the purpose of testing the witness, in the capacity of recollection, and of showing bias on the part of said witness. 'Q. Is Mr. Crisp in any way connected with you? A. Yes.' 'Q. You saw these newspaper accounts of the affair? A. Yes.' 'Q. You saw the statement of the father of Mrs. Bigham and her brother that there should be no further action taken?' 'Objected to as irrelevant. Objection sustained.'

"The question was competent and relevant as tending to test the credibility of the witness."

This question was manifestly an effort to get before the jury the opinion attributed by a newspaper to relatives of the deceased with respect to the guilt of the defendants under the guise of cross-examination. It was, therefore, incompetent and was properly excluded.

The last exception raises the question, whether there was error on the part of the presiding Judge, in refusing to allow the appellant's attorney to cross-examine a witness for the State, as to statements made by one of the defendants, at the coroner's inquest, for the purpose of testing the credibility of the witness.

The conduct of the case in respect to cross-examination, must be left, in large measure, to the sound judgment of the presiding Judge, and we see no good reason for interfering

with his ruling, when the testimony would amount to a self-serving declaration of the defendant.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.